# EXHIBIT 3

Positive
As of: June 26, 2024 5:19 PM Z

# General Ret. Sys. v. UBS

United States District Court for the Eastern District of Michigan, Southern Division

December 20, 2010, Decided; December 20, 2010, Filed

Case No. 10-CV-13920

**Reporter**
2010 U.S. Dist. LEXIS 134653 *; 2010 WL 5296957

GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT, and POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT, Plaintiffs, vs. UBS, AG, UBS SECURITIES, LLC, and UBS INVESTMENT BANK, Defendants.

**Subsequent History:** Claim dismissed by, Motion granted by, in part, Motion denied by, in part *General Ret. Sys. v. UBS, AG, 2011 U.S. Dist. LEXIS 70639 ( E.D. Mich., June 30, 2011)*

## Core Terms

citizenship, diversity jurisdiction, limited liability company, purposes, limited partnership, real party, diversity, investors, reside

## Case Summary

**Overview**
The district court found there was complete diversity between the trustees of plaintiff governmental pension plans and defendant banks where, regardless of who the named plaintiff was, the trustee was the one with the authority to hold, manage and dispose of assets, as well as make decisions on behalf of the trust, and was therefore the real party to the action. When considering whether diversity jurisdiction existed, the citizenship of the trust had to be determined by the citizenship of its trustee or trustees only.

**Outcome**
Motion to remand denied.

## LexisNexis® Headnotes

Pensions & Benefits Law > Governmental Employees > State Pensions

*HN1*[] **Governmental Employees, State Pensions**

Under Michigan law, the retirement system shall be construed to be a trust maintained for the purpose of securing payment of benefits to the members, *MCL §38.1025*.

Civil Procedure > ... > Diversity Jurisdiction > Citizenship > General Overview

*HN2*[] **Diversity Jurisdiction, Citizenship**

For purposes of determining diversity jurisdiction, a natural person must be both a citizen of the United States and be domiciled within the State. "Domicile" is not necessarily synonymous with "residence," and one can reside in one place but be domiciled in another.

Civil Procedure > ... > Removal > Specific Cases Removed > Diversity of Citizenship

*HN3*[] **Specific Cases Removed, Diversity of Citizenship**

To invoke removal jurisdiction, the defendant has the burden of demonstrating that the court has original subject matter jurisdiction. Whenever a party to a diversity suit is neither a business corporation nor a human being, the district judge and the lawyers for the parties must do careful legal research to determine the citizenship of the party rather than content themselves with making a wild stab in the dark. The district court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non removing party.

Civil Procedure > ... > Diversity Jurisdiction > Citizenship > Business Entities

*HN4*[] **Citizenship, Business Entities**

The law is clear that a corporation is treated as a citizen, and for diversity purposes is deemed to be a citizen of any State by which it has been incorporated and of the State where it has a principal place of business, *28 U.S.C.S. § 1332(c)(1)*. The law makes it equally clear that unincorporated associations are not deemed to be citizens of the State in which they are organized. Specifically, limited partnerships are deemed to be a citizen of every state where its general and limited partners reside, and limited liability companies have the citizenship of each partner or member. With regard to unincorporated associations, diversity jurisdiction in a suit by or against the entity depends on the citizenship of all the members, the several persons composing such associations, and each of its members.

Civil Procedure > ... > Diversity Jurisdiction > Citizenship > Business Entities

*HN5*[] **Citizenship, Business Entities**

Regardless of who the named plaintiff is, the trustee is the one with the authority to hold, manage and dispose of assets, as well as make decisions on behalf of the trust, and is therefore the real party to the action. As such, when considering whether diversity jurisdiction exists, the citizenship of the trust should be determined by the citizenship of its trustee or trustees only. This rule has the additional benefit of discouraging forum shopping by plaintiffs who can decide whether to sue in the name of the trust or the trustees.

**Counsel:** **[*1]** For General Retirement System of the City of Detroit, Police and Fire Retirement System of the City of Detroit, Plaintiffs: Christopher D. Kaye, Miller Law Firm, Rochester, MI; David H. Fink, E. Powell Miller, Marc L. Newman, The Miller Law Firm, Rochester, MI; Kevin J. Campbell, Floyd E. Allen & Associates, P.C., Detroit, MI.

For UBS AG, UBS Securities, LLC, Defendants: Joseph H. Hickey, Dykema Gossett (Bloomfield Hills), Bloomfield Hills, MI; Howard B. Iwrey, Dykema Gossett, Bloomfield Hills, MI.

**Judges:** HON. GEORGE CARAM STEEH, UNITED STATES DISTRICT JUDGE.

**Opinion by:** GEORGE CARAM STEEH

# Opinion

ORDER DENYING PLAINTIFFS' MOTION TO REMAND (#10)

Plaintiffs are the General Retirement System of the City of Detroit ("GRS") and the Police and Fire Retirement System of the City of Detroit ("PFRS") (collectively, the "Systems"). The Systems are pension plans established by the Charter and Municipal Code of the City of Detroit. *HN1*[] Under Michigan law, "the retirement system shall be construed to be a trust . . . maintained for the purpose of securing payment of benefits to the members . . . ." *MCL §38.1025*. The Systems filed this action against UBS Securities, LLC, UBS AG, and UBS Investment Bank, alleging that the UBS defendants **[*2]** fraudulently induced the Systems into buying an equity position in a collateralized loan obligation ("CLO"), and for breaches of its fiduciary duty for improperly liquidating the securities solely for their own benefit, thereby depriving the Systems of their $40 million investment.

On September 2, 2010, plaintiffs filed this lawsuit in the Wayne County Circuit Court (Case No. 10-010216-CK), seeking to recover their $40 million investment. The complaint sets forth various common law claims, including misrepresentation, breach of fiduciary duty, breach of contract, unjust enrichment, an accounting, as well as violations of the Michigan Uniform Securities Act, *MCL §451.2101, et seq.*, and the Michigan Public Employee Retirement System Investment Act, *MCL §38.1132, et seq.* On October 1, 2010, defendants filed a notice of removal, asserting diversity jurisdiction under *28 USC § 1332(a)(1)*.

According to the notice of removal, UBS Securities, LLC is a limited liability company that has two members - UBS Americas, Inc., which is incorporated in Delaware and has its principal place of business in Connecticut, and UBS AG. UBS AG is incorporated in Switzerland, and maintains its principal place **[*3]** of business there.

The GRS serves approximately 20,500 participants who reside throughout the country. Some of these participants allegedly reside in Connecticut. (Complaint

¶ 31). [1] The PFRS serves approximately 12,500 participants, some of whom allegedly reside in Connecticut. (Complaint ¶ 32). Each plan also has participants who reside in Delaware, although this fact is not alleged in the Complaint. In arguing for remand, plaintiffs contend that there is a lack of diversity of citizenship because defendant UBS Securities, LLC is a citizen of Connecticut and Delaware, where some of plaintiffs' participants reside.

**I. Legal Standard**

HN3[] To invoke removal jurisdiction, the defendant has the burden of demonstrating that the court has original subject matter jurisdiction. Long v. Bando Mfg. of America, Inc., 201 F.3d 754, 757 (6th Cir. 2000). "[W]henever a party **[*4]** to a diversity suit is neither a business corporation nor a human being, the district judge and the lawyers for the parties must do careful legal research to determine the citizenship of the party rather than content themselves with making a wild stab in the dark . . . ." May Dep't Stores Co. v. Fed. Ins. Co., 305 F.3d 597, 598 (7th Cir. 2002). "The district court must resolve 'all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non removing party.'" Coyne v. American Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999) (quoting Alexander v. Electronic Data Sys. Corp., 13 F.3d 940, 949 (6th Cir. 1994)).

**II. Analysis**

**A. Citizenship of a Trust**

HN4[] The law is clear that a corporation is treated as a citizen, and for diversity purposes is deemed to be a "citizen of any State by which it has been incorporated and of the State where it has a principal place of business." 28 U.S.C. §1332(c)(1). The law makes it equally clear that unincorporated associations are not deemed to be citizens of the State in which they are organized. See Carden v. Arkoma Assocs., 494 U.S. 185, 189, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990) (describing "the doctrinal wall of Chapman v. Barney," 129 U.S. 677, 9 S. Ct. 426, 32 L. Ed. 800 (1889)). **[*5]** Specifically, limited partnerships are deemed to be a citizen of every state where its general and limited partners reside, and limited liability companies have the citizenship of each partner or member. See, V & M Star, LP v. Centimark Corp., 596 F.3d 354, 355-56 (6th Cir. 2010). The Supreme Court in Carden stated that, with regard to unincorporated associations, "[w]e adhere to our oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members,''the several persons composing such associations,'[and] 'each of its members.'" Carden, 494 U.S. at 195-96 (citations omitted).

The issue in this case is the citizenship associated with a trust for purposes of determining diversity jurisdiction. The Supreme Court considered the issue of diversity jurisdiction in a lawsuit brought by the individual trustees of a business trust in Navarro Savings Ass'n v. Lee, 446 U.S. 458, 100 S. Ct. 1779, 64 L. Ed. 2d 425 (1980). The Court held that the trustees, who had legal title, who managed the assets, and who controlled the litigation, were the real parties to the controversy and thus could invoke diversity jurisdiction on the basis of their own citizenship, without regard **[*6]** to the citizenship of the trust's beneficial shareholders. The allegation of the lawsuit was that the trustees lent money to a Texas firm in return for a promissory note payable to the trustees themselves. The note was secured in part by a commitment letter in which Navarro Savings Association agreed to lend the Texas firm money to cover its obligation to the trustees. The trustees eventually called upon Navarro to make the "takeout" loan, and Navarro refused. The complaint asserted that Navarro was a Texas citizen and that each trustee was a citizen of another state. Some of the beneficial shareholders of the trust, however, were citizens of Texas.

Navarro argued that the trust is really an unincorporated association of individuals, and that the real parties to the lawsuit are the trust's beneficiaries. The Court disagreed with Navarro:

> In certain respects, a business trust also resembles a corporation. But this case involves neither an association nor a corporation. Fidelity is an express trust, and the question is whether its trustees are real parties to this controversy for purposes of a federal court's diversity jurisdiction.

Id. at 462. The Court held that a trustee is a real party

[1] HN2[] For purposes of determining diversity jurisdiction, a natural person must be both a citizen of the United States and be domiciled within the State. "Domicile" is not necessarily synonymous with "residence," and one can reside in one place but be domiciled in another. Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48, 109 S. Ct. 1597, 104 L. Ed. 2d 29 (1989).

**[*7]** to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others. *Id. at 464* (see footnote 13, lauding the "relative simplicity of this established principle" as one of its virtues). The Court found that the trust "operated under a declaration of trust that authorized the trustees to take legal title to trust assets, to invest those assets for the benefit of the shareholders, and to sue and be sued in their capacity as trustees." Id. Furthermore, the Court considered the beneficiaries of the trust, finding that they "had no voice in the initial investment decision. They can neither control the disposition of this action nor intervene in the affairs of the trust . . . ." *Id. at 464-65*. The Supreme Court concluded that the trustees were the real parties to the controversy, so their citizenship controlled for purposes of determining subject matter jurisdiction.

The Sixth Circuit had occasion to consider the citizenship of a trust for purposes of establishing diversity jurisdiction in *Homfeld II, LLC v. Comair Holdings, Inc., 53 Fed. Appx. 731 (6th Cir. 2002)* (unpublished). Plaintiffs consisted **[*8]** of a trust and two limited liability companies. The jurisdiction issue came to the attention of the Sixth Circuit because the plaintiffs alleged their personal places of business and the states in which they had citizenship, but failed to allege the citizenship of their members and trustees. The court distinguished a limited liability company, which has the citizenship of its members, from a business trust, which has the citizenship of its trustees only. *Id. at 732* (citing *Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998)*; *Navarro, 446 U.S. at 464*).

Navarro and Homfeld both looked carefully at the type of entity involved in the litigation. The members of limited liability partnerships and limited liability companies have a legal ownership interest in the entity, and the courts recognized that the members' citizenship controls for purposes of determining jurisdiction. With trusts, the members have an equitable ownership only, and they lack the ability to make decisions for the trust, so the court looks only to the citizenship of the trustees for jurisdiction.

The Seventh Circuit Court of Appeals has also held that the citizenship of a trust is that of its trustees. In *May Department Stores Co. v. Federal Insurance Co., 305 F.3d 597 (7th Cir. 2002)*, **[*9]** a pension plan, which was a trust, brought suit in its own name. Citing to Navarro, the court held that "[t]he May plan is a trust, and for diversity purposes a trust is a citizen of whatever state the trustee is a citizen of." The Seventh Circuit reconfirmed this principle in *Grede v. Bank of New York Mellon, 598 F.3d 899 (7th Cir. 2010)*. In Grede, the plaintiff was the trustee suing on behalf of a Liquidation Trust which was created after Sentinal, an investment manager, entered bankruptcy. Many of the Sentinal's investors assigned their claims to the Liquidation Trust, and the trustee sued to pursue the investors' claims. The defendant bank objected that the assignment was collusive for the purpose of creating diversity jurisdiction. The Seventh Circuit acknowledged that "[a]ssignment to a trust could be designed to take advantage of the rule that a trust's citizenship is that of the trustee, rather than the beneficiaries, for purpose of *28 U.S.C. § 1332(a)*." *Id. at 901* (citing Navarro). While the plaintiff in Grede was the trustee, as opposed to the trust, the court's reasoning was based on the fact that the trustee was suing to protect the claims of the investors/beneficiaries. **[*10]** The investors assigned their claims to the trust, but the trustee is the person who is authorized to act on behalf of the investors.

The Fifth, Ninth and Second Circuits have come to the same conclusion. The Fifth Circuit addressed a trust's citizenship in *Mullins v. TestAmerica, Inc., 564 F.3d 386 (5th Cir. 2009)*. To determine the citizenship of a defendant limited partnership, the court looked at the citizenship of its sole general partner and thirty-one limited partners. *Id. at 397*. The limited partners included individuals, corporations, trusts, general partnerships, a limited partnership, and a limited liability company. Id. With respect to a trust, the court stated that the "citizenship of a trust is that of its trustee." Id. (citing *Navarro, 446 U.S. at 464*).

The issue before the Ninth Circuit in *Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894 (9th Cir. 2006)*, was the citizenship of a limited partnership with two limited liability companies as partners. The citizenship of the limited partnership depended on the citizenship of its partners, which in turn depended on the citizenship of the limited liability companies' owners/members. The members of one limited liability **[*11]** company included a trust, to which the Ninth Circuit applied Navarro, stating: "A trust has the citizenship of its trustee or trustees." *Id. at 899*. Accord, *E.R. Squibb & Sons, Inc. v. Accident & Casualty Insurance Co., 160 F.3d 925, 931 (2d Cir. 1998)*.

Contrary to the law of the Second, Fifth, Sixth, Seventh and Ninth Circuits, the Third Circuit Court of Appeals held that the citizenship of both the trustee and beneficiary should control in determining the citizenship

when the named party is the trust. *Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192, 205 (3rd Cir. 2007)*. The court drew a distinction between a claim brought by or against a trust versus the trustee, holding that the citizenship of a trust is determined by the citizenship of its trustees and its beneficiaries. Id. In order to come to this conclusion, the court distinguished Navarro as a case brought by the trustees in their own names. The court also concluded that its holding was consistent with Carden by treating a trust as an "artificial entity," which assumes the citizenship of all of its "members," and finding that the trustee is a member of a trust. Emerald Investors Trust has been relied upon **[*12]** in this district, where the court held that the citizenship of a trust is determined by the citizenship of its trustees and its beneficiaries. *JP Morgan Chase Bank v. Century Truss, 2010 U.S. Dist. LEXIS 61510, 2010 WL 2556867 (E.D. Mich. 2010)*. See also, *San Juan Basin Royalty Trust v. Burlington Resources Oil & Gas Co., 588 F.Supp.2d 1274, 1280 (D.N.M. 2008)* (distinguishing whether a suit is brought by the trust in its own name as opposed to by the trustees in their individual capacities). The Eleventh Circuit also relied on Carden for the proposition that a Massachusetts business trust is not to be accorded the status of a corporation for diversity purposes, but rather, like a limited partnership, is to be treated as a citizen of each state in which one of its shareholders is a citizen. *Riley v. Merrill Lynch, 292 F.3d 1334, 1339 (11th Cir. 2002)*.

This court favors the reasoning of the majority of the Circuit Courts of Appeal, including the Sixth Circuit, and the Supreme Court in *Navarro*, that ***HN5***[] regardless of who the named plaintiff is, the trustee is the one with the authority to hold, manage and dispose of assets, as well as make decisions on behalf of the trust, and is therefore the real party to the action. **[*13]** As such, when considering whether diversity jurisdiction exists, the citizenship of the trust should be determined by the citizenship of its trustee or trustees only. This rule has the additional benefit of discouraging forum shopping by plaintiffs who can decide whether to sue in the name of the trust or the trustees.

### III. Conclusion

There is complete diversity between the trustees of the Systems and the defendants in this case. Therefore, this court has jurisdiction over the case, and plaintiffs' motion to remand is DENIED.

Dated: December 20, 2010

/s/ George Caram Steeh

GEORGE CARAM STEEH

UNITED STATES DISTRICT JUDGE

---

End of Document