United States District Court
Eastern District of Michigan
Southern Division

SUSANNE CLAIR,

Plaintiff,

v.

ZMO HOMES LLC,
A foreign limited liability company,

Defendant.

Case No. 2:24-cv-12030-LVP-EAS
Hon. Linda V. Parker (Presiding)
Hon. Elizabeth A. Stafford (Referral)

Kenneth D. Clayton (P40402)
CLATYON LAW OFFICE PLC
Attorney for Plaintiff
2055 Orchard Lake Road
Sylvan Lake, MI 48320
(248) 334-9861/ 248-481-8585 (Fax)
claytonken@aol.com

Eric J. Rosenberg (P75782)
ERIC J. ROSENBERG, ATTORNEY AT LAW, PLLC
Attorney for Defendant
28175 Haggerty Road
Novi, MI 48377
(248) 947-1084 / 947-941-1144 (Fax)
eric@ericjrosenberglaw.com

**DEFENDANT'S ANSWER TO COMPLAINT**

NOW COMES Defendant, ZMO HOMES (hereinafter referred to as Defendant), through its attorneys, ERIC J. ROSENBERG, ATTORNEY AT LAW, PLLC), and hereby states the following Answer to Plaintiff's Complaint:

## ANSWER TO COMPLAINT

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, and Plaintiff is therefore left to her proofs.

2. As to Paragraph 2, Defendant admits that ZMO Homes LLC is a Missouri corporation, but denies that any aspect of this matter entitles Plaintiff to Michigan state court handling of this matter. Defendant is a Missouri domiciliary with a California headquarters, and with exclusively non-Michigan (California) citizens as members of the LLC. Defendant's properly filed Notice of Removal of August 5, 2024, addresses these issues, and Defendant relies on said notice, and incorporates it herein.

3. As to Paragraph 3, Defendant admits that the amount in controversy is $440,000 (specific performance on a $440,000 transaction), while denying in entirety liability.

4. As to Paragraph 4, denied. The Complaint pleading that the Oakland County Circuit Court has proper jurisdiction is denied. Defendant has already properly filed a Notice of Removal in the U.S.D.C. for the E.D. of Michigan. Defendant relies on that Notice in further denial of this Section 4.

5. As to Paragraph 5, Defendant entering into a potential purchase and sale agreement, subject to contingencies and a cancelation clause, with Plaintiff on

May 21, 2024. Defendant admits that the home is located at 3261 Windwood Road, West Bloomfield, Township, MI. As for the remainder of Complaint Section 5, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein, and Plaintiff is therefore left to her proofs.

6. Defendant admits entering into a potential purchase and sale agreement, subject to contingencies and a cancelation clause, as noted in Section 5 of this Answer, above, which is incorporated herein, and made a part thereto.

7. Defendant denies that Plaintiff's iteration of "The terms of the contract" is complete and correct.

8. Defendant denies any breach of contract, and adds in further answer, that it properly, as envisioned by the contract's terms, canceled the proposed contract and failed to close.

9. Denied. In further answer, Plaintiff was notified within one day of executed the agreement, via recorded call by Defendant, that the matter was being canceled consistent with Section 9 of the "Purchase and Sale Agreement". Plaintiff then failed to follow the requirement in said Section of the Agreement that, "seller will confirm it by E-mail". In further denial, Plaintiff's captioned counsel, prior to this matter entering litigation, was emailed by an employee of Defendant on May 23, 2024 at 6:39 p.m., at the same email address that is listed for Mr. Clayton with the State Bar of Michigan, i.e., claytonken@aol.com, with the following message:

"Hi, we are no longer moving forward with the purchase of this property and Ms. Clair was notified yesterday about this. Mr. Clayton then failed to follow the Section 9 requirement of the Purchase Agreement when he failed on behalf of his principal to live up to seller's obligation that "seller will confirm it by E-mail". It is well-established Michigan law that the actions of an attorney inure to his or her client. In further denial, Defendant had a telephone call with Plaintiff where Plaintiff established that she was already ready to move, and would be moving from the home in question irrespective of whether the transaction were to be consummated or not. In further denial, Plaintiff is a seasoned realtor and knows, or clearly should know, that she should obtain legal advice and understand that one does not appropriately make irretrievable arrangements to move out of a home following signature on a real estate deal, where there is an inspection clause; where there is a cancellation clause; within 24-48 hours of when the deal was entered into. A lay person off the street would be held to that standard; it is inconceivable that the standard for an experienced realtor would be LOWER than that of a lay person off the street.

10. As to Paragraph 10, Defendant DENIES as untrue. In further denial, Defendant pleads that Plaintiff is aware that this residence never satisfied Defendant as to inspection. Discovery will further show that Plaintiff knew that Defendant / its partners were dissatisfied with the inspection and promptly imparted that knowledge

to Plaintiff, in a telephone call approximately one day after the agreement was signed.

11. Denied. In further denial, *see* the answer to Section 9, which is incorporated herein, and made a part thereto.

12. As to Paragraph 12, the Complaint pleading that the Oakland County Circuit Court has proper jurisdiction is denied. Defendant has already properly filed a Notice of Removal in the U.S.D.C. for the E.D. of Michigan. Defendant relies on that Notice in further denial of this Section 12.

WHEREFORE, your Defendant, ZMO HOMES LLC, prays that this Honorable Court enter a judgment of no cause for action, and award costs and attorney fees so wrongfully incurred by your Defendant in defense of this action.

Respectfully Submitted,

**ERIC J. ROSENBERG, ATTORNEY AT LAW, PLLC**

By: /s/ Eric J. Rosenberg___________________
ERIC J. ROSENBERG (P75782)
Attorney for Defendant
28175 Haggerty Road
Novi, MI 48377
(947) 941-1084
eric@ericjrosenberglaw.com

DATED: August 5, 2024